IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | CRIMINAL ACTION 07-00199-KD |
| | ) | |
| JERMAINE ANTONIO PUGH, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This action is before the Court on defendant Jermaine Antonio Pugh's motion for *nunc pro tunc* designation for service of concurrent federal and state sentences (doc. 68). Upon consideration and for the reasons set forth herein, defendant's motion is **DENIED**.

The federal grand jury indicted Pugh in June 2007. In May 2008 Pugh was incarcerated at the Mobile County Metro Jail on an unrelated offense. A writ of habeas corpus ad prosequendum issued from this Court and Pugh was taken into custody by the United States Marshal for federal prosecution. At this point, Pugh was "on loan" from the State of Alabama.[1] On October 14, 2008, Pugh was sentenced by this Court to a term of fifty months each as to three counts with the terms to run concurrent. The sentence was not imposed to run concurrent with the as yet un-imposed state court sentence. The Marshal returned Pugh to state custody. In December 2008, State of Alabama Circuit Court Judge John Lockett sentenced Pugh to a term of thirty years each as to three state court convictions with the terms to run concurrent with each

---

[1] As explained in United States v. Booker, 2006 WL 287860 (N.D. Fla. February 6, 2006), when a prisoner is "produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum . . . the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." Id. at *1.

other and concurrent with the previously imposed federal sentence.  Pugh is now incarcerated with the Alabama Department of Corrections (ADC) at the Bibb County Correctional Facility.

Pugh titled his motion as one for *nunc pro tunc* designation of concurrent federal and state sentences and contains two requests.  First, Pugh asks the Court to amend his sentence *nunc pro tunc* to run the fifty months concurrent with his state court sentence.  However, this Court does not possess "some sort of inherent authority to modify a sentence" United States v. Diaz-Clark, 292 F.3d 1310, 1317-18 (11th Cir. 2002), and generally may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c); see also United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005).  This Court may amend a sentence only in specific circumstances, none of which are present here.  "By statute, [this Court] may modify a term of imprisonment only (1) upon motion by the Director of the Bureau of Prisons, (2) 'to the extent otherwise expressly permitted by statute or by Rule 35,' or (3) in certain limited circumstances where a sentencing guidelines range has subsequently been lowered by the Sentencing Commission." United States v. Dent, 2006 WL 2523435, 1 (S.D. Ala. Aug. 29, 2006) (footnotes omitted) (citing 18 U.S.C. § 3582(c) and United States v. McGranahan, 2006 WL 460929, *1 (11th Cir. Feb. 27, 2006) (explaining that district court may correct sentence under Rules 35 or 36, or may modify a sentence under § 3582(c) and citing United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir.2004) ("It is clear in this Circuit that Rule 36 may not be used to make a substantive alteration to a criminal sentence.")).  Therefore, this Court lacks jurisdiction to grant a *nunc pro tunc* amendment to Pugh's sentence.

Second, Pugh asks this Court to designate a federal prison as the place he should serve the remainder of his federal sentence because his state sentence has been ordered to run

concurrent with his federal sentence.  Pugh relies upon 18 U.S.C. § 3621(b), but in § 3621(b), Congress gave the Bureau of Prisons (BOP), not the Court, the authority to designate Pugh's place of imprisonment.  Section 3621(b) does not give the Court any authority to designate where Pugh should be imprisoned or to order the ADC to place Pugh in federal custody with the BOP to complete his federal sentence.  Based upon the facts presented in this case, the Court does not have authority to order the ADC to transfer Pugh to the BOP.  However, the Court has informally referred this matter to Judge Lockett, Pugh's state court sentencing judge, for his consideration.[2]

Accordingly, since the Court is without authority to grant the relief which Pugh seeks, his motion is **DENIED**.

**DONE** and **ORDERED** this the 8th day of March, 2010.

>  **/s / Kristi K. DuBose**
>  **KRISTI K. DuBOSE**
>  **UNITED STATES DISTRICT JUDGE**

---

[2] The undersigned called Judge Lockett and asked him to review Pugh's imposed state sentence to determine whether it had been executed in the manner Judge Lockett intended.